■ APRIL J. DREYER, as Administratrix of the Estate of STEPHEN M. DREYER, Deceased, Respondent, v. TISHMAN REALTY AND CONSTRUCTION Co., INC., et al., Appellants, and CONSOLIDATED EDISON COMPANY OF NEW YORK, INC., et al., Defendants. — Judgment, Supreme Court, New York County, entered June 25, 1971, as amended by order and judgment of said court, entered on September 16, 1971, insofar as appealed from, unanimously reversed, on the law and the facts, and the cause remanded to Supreme Court, New York County, for trial anew, with $60 costs and disbursements to abide the event. Plaintiff-respondent's decedent, an apprentice electrician, met his death as the result of an explosion in the electrical switchboard room of defendants-appellants' premises, which room he had entered on orders of his superior to secure an electrical snake, stored there with other tools belonging to his employer. In some manner, reconstructed by circumstantial evidence, a short circuit and fire ensued. Three theories were submitted by the trial court to the jury as possibly causally related to the accident and injury to the decedent: were defendants negligent (1) in not inspecting the fastening of the bus bars; (2) in permitting storage of combustibles (cardboard boxes containing noncombustible tile) in the room; and (3) in not providing an enclosure around the open switchboards, which were operated by naked knife switches? The verdict having been general, it is not possible to tell which theory, if any, the jury adopted. There is a question as to the sufficiency of the evidence as to any of these theories; indeed, some of us feel that the complaint should have been dismissed, and that a showing of the decedent's contributory negligence was inherent in plaintiff's own case. The main difficulty, however, is that the charge presented the jury with no proper definition of what standard should apply as to defendants' duty to the unfortunate electrician; the only difference outlined by the court was between a trespasser — the proof was clear that the man was not — and one entering the room with permission. No distinction whatever was made as to the latter class, embracing as it does both invitees and licensees. It is therefore impossible to explain what rationale was availed of by the jury in reaching its decision, and a new trial is required, at which it may be established, under proper instructions, what was the status of the decedent electrician, and what standards of duty on the part of defendants related to that status. Until this question is resolved, it is impossible to resolve the issue of which of three theories of liability presented by the court to the jury for consideration — if any at all — may be considered. Concur — Markewich, J. P., Kupferman, Murphy, Lane and Tilzer, JJ.